UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

XIAODAN SONG,

    Plaintiff,    CASE NO.:

vs.

Mark T. Esper, Secretary of the Army,
*in his official capacity*

    Defendant(s).
_____/

## COMPLAINT

The Plaintiff, XIAODAN SONG, sues the Defendant, Dr. Mark T. Esper, Secretary of the Army, (hereafter referred to as "Defendant Army") and states as follows:

## JURISDICTION AND VENUE

1. This suit is brought against Defendant Army pursuant to This action is brought seeking remedies under the Rehabilitation Act, 29 U.S.C. § 701 et seq. ("Rehabilitation Act"), and the Florida Civil Rights Act of 1992, Fla. Stat. Chap. 760.01, et seq. ("FCRA")

2. This court has federal question jurisdiction and supplementary jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1365.

3. Venue lies within the Southern District of Florida pursuant to 28 U.S.C. 1391 (b) because all actions relevant giving rise to this claim arose in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to bringing this action have occurred, or they have been waived.

5. Plaintiff timely filed two charges of discrimination. The first was deemed filed on December 13, 2017 (hereinafter referred to as "2017 Charge"). A copy of the 2017 Charge is attached as **Exhibit A**. The second charge of discrimination was deemed filed on November 7, 2018 (hereinafter referred to as "2018 Charge"). A copy of the 2018 Charge is attached as **Exhibit B**. Collectively the 2017 Charge and the 2018 Charge will be hereinafter referred to as "Plaintiff's Charges".

6. Due to Plaintiff being employed as a member of the Army Corps of Engineers, Plaintiff's Charges were investigated by the U.S. Army Corps of Engineers Equal Employment Opportunity Office (hereinafter "EEO").

7. Following the conclusion of the EEO investigation into the 2017 Charge, Plaintiff elected to proceed with the Equal Employment Opportunity Commission (EEOC). Over 180 days has expired since the initiation of the EEOC investigation into the 2017 Charge.

8. As for the 2018 Charge, the EEO failed to complete its investigation within 180 days. *See Letters attached as **Composite Exhibit C***.

9. This Complaint has been timely filed within ninety (90) days of the notification of the investigative agencies that 180 days has expired, as to the respective deadlines for the 2017 Charge and 2018 Charge

10. Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 because more than 180 days have passed since the filing of Plaintiff's Charges

## PARTIES

11. Plaintiff is a citizen and resident of Palm Beach County, Florida.

12. Plaintiff was employed by Defendant Army as a member of the Army Corp of Engineers.

13. Plaintiff, XIAODAN SONG, is a 57-year-old individual with a qualified disability as defined by the laws under which this action is brought.

14. Mark T. Esper, in his capacity as Secretary of the Army, is the chief executive officer of the United States Department of the Army (hereinafter "Defendant Army"). Secretary Esper's duties include responsibility for the United States Army Corps of Engineers. The discrimination and retaliatory events giving rise to this case occurred within an Army Corps of Engineer's facility, namely the Interagency Modeling Section ("IMC") of the Water Resources Engineering Branch, Engineering Division of the US Army Corps of Engineers Jacksonville District located in West Palm Beach, Florida.

15. Defendant Army is an employer and federal agency as defined by the laws under which this action is brought.

## GENERAL ALLEGATIONS

16. On or about November 4, 2002, Plaintiff began his employment with Defendant Army, as a Civil Engineer with the US Army Corp of Engineers.

17. Since 2004, Plaintiff has been located in West Palm Beach with the IMC of the US Army Corps of Engineers Jacksonville District.

18. Plaintiff participated in the development and application of complex hydraulic computer models in support of the Comprehensive Everglades Restoration Plan and the development and implementation of water resource plans.

19. Plaintiff had received satisfactory performance reviews and was recognized by all to be a hard worker and dedicated to his profession up until the time period at issue.

20. Plaintiff worked under section supervisor Jaime Graulau-Santiago since 2012. Jaime Graulau-Santiago was at all times relevant an employee of Defendant Army and Plaintiff's direct supervisor.

21. Plaintiff has a qualified disability, namely diabetes, which requires him to walk around for a few minutes as necessary to regulate his blood sugar levels.

22. Plaintiff made a request for a reasonable accommodation from Defendant Army through Mr. Graulau-Santiago to allow him additional short breaks, so as to permit him to take short walks as needed to maintain his health.

23. Instead of receiving an accommodation from Defendant Army, on December 16, 2014, Plaintiff was given restrictive rules to follow, thereby further limiting his access to breaks. Resultingly, Plaintiff had to inform his supervisor, Mr. Graulau-Santiago, of "any breaks" he would take. This included any time Plaintiff was away from his cubicle, whether it be related to his diabetes or not, including bathroom breaks, lunch breaks, and visits to the breakroom to get a cup of coffee. Mr. Graulau-Santiago further instructed Plaintiff that Plaintiff was required to email Mr. Graulau-Santiago his "in the office" and "out of the office" times from a specific restrictive USACE computer which takes an average of three (3) to five (5) minutes to login using a Department of Defense CAC card through a card reader. CAC card stands for Common Access Card and is the ID card for all Department of Defense employees.

24. After following proper protocol and discussing his problem with an Army Corp of Engineers Equal Employment Opportunity Officer, Plaintiff was granted the right to file a formal complaint and did so, formally filing 2017 Charge with the proper EEO, deemed filed on December 13, 2017.

25. After filing the 2017 Charge, the actions and general demeanor of Mr. Graulau-Santiago toward the Plaintiff changed for the worse. Specifically, Mr. Graulau-Santiago developed an overall aggressive and angry demeanor towards Plaintiff resulting in a hostile work environment. It became apparent that Mr. Graulau-Santiago was treating Plaintiff differently than his similarly situated counterparts solely as a result of Plaintiff's filing of the 2017 Charge against Mr. Graulau-Santiago.

26. An incident of workplace violence occurred after the filing of the 2017 Charge in which Mr. Graulau-Santiago physically hit Plaintiff in his face. Specifically, the physical altercation followed a work dispute over an engineering task in which Mr. Graulau-Santiago verbally aggressively and angrily attacked Plaintiff as to a position Plaintiff had reached on the engineering task. While Mr. Graulau-Santiago argued his point, he rose his hands above his head angrily shaking his arm and fists at Plaintiff. In one such angry outburst, Mr. Graulau-Santiago arm and hand struck Plaintiff's eye glasses and causing the metal frame to forcibly make contact with and scratch Plaintiff's right eye and surrounding area resulting in swelling and bruising.

27. Plaintiff reported this incident to his superiors with Defendant Army which resulted in the opening of an AR 15-6 investigation.

   a. Army Regulation (AR) 15-6 is designed specifically for informal investigations for collecting information for the command regarding incidents that have occurred.

28. The AR 15-6 investigation concluded that Mr. Graulau-Santiago was required to undergo leadership training and that the Plaintiff was additionally required to receive additional training.

29. As a further result of the investigation and in retaliation for filing the 2017 Charge, Plaintiff was placed on a Performance Improvement Plan ("PIP") by Mr. Graulau-Santiago, the

same individual who was involved in the incident at issue in the AR 15-6 investigation and the same individual who Plaintiff filed the 2017 Charge against.

30. Plaintiff's work performance was never an issue until he filed the 2017 Charge alleging discrimination. Even thereafter, Plaintiff had received no poor performance reviews until following the physical altercation with Mr. Graulau-Santiago and following the AR 15-6 investigation.

31. The PIP was set for 60 days, an unreasonable and unusually short period of time for an individual's performance to improve and an atypical timeframe for a PIP with the US Army given the bi-yearly review process.

32. Defendant Army placed Mr. Graulau-Santiago, Plaintiff's supervisor, in charge of overseeing the PIP. In this role, Mr. Graulau-Santiago created the conditions to be met by the Plaintiff and ultimately had the final say of whether he had met the conditions.

33. Plaintiff's good faith attempts to comply with the conditions of the PIP were immediately met with indications from Mr. Graulau-Santiago that his work was and would continue to be of a standard that would result in Plaintiff's termination at the conclusion of the PIP. As one such example, Plaintiff attempted to make Mr. Graulau-Santiago aware that one of the tasks in the PIP was impossible for Plaintiff to complete, as the input parameters were flawed.

34. Notwithstanding that Mr. Graulau-Santiago indicated he was aware of the issue with the figures he continued to mandate that Plaintiff satisfactorily resolve the engineering task. Upon Plaintiff's failure to make an impossible formula function with these wrong parameters, Plaintiff continued to be told that he was failing his PIP. Defendant Army failed to ensure that Plaintiff received a fair and unbiased review and failed to oversee the actions of Mr. Graulau-Santiago.

35. In response to this continued retaliation and hostile work environment, Plaintiff filed the 2018 Charge with the proper EEO. The focus of the 2018 Charge was the retaliation that occurred after the filing of the 2017 Charge.

36. Understanding that he was due to be terminated as a result of his impending "failed" PIP, Plaintiff resolved that he was left with no choice but to retire early from his position with the US Army.

## COUNT I –DISABILITY DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 36.

38. Plaintiff is a qualified individual with a disability as defined by the Rehabilitation Act. At all times relevant to this action, Plaintiff was an individual with a disability who, with reasonable accommodation, could perform the essential functions of his job.

39. Plaintiff's ailments constitute physical impairments that substantially limit one or more of his major life activities.

40. At all times relevant, Defendant Army was a federal agency subject to the Rehabilitation Act.

41. Throughout the course of his employment with Defendant Army, Plaintiff openly discussed his disability and related limitations and made repeated requests for reasonable accommodations based upon his disability.

42. Defendant Army refused and/or failed to undertake any good faith consultation with Plaintiff to identify and make any reasonable accommodations in light of Plaintiff's disability.

43. Defendant Army failed to provide Plaintiff a reasonable accommodation, including but not limited to ensuring reasonable compliance with medical work restrictions.

44. Defendant Army retaliated against Plaintiff after he alerted them of his disability and provided medical documentation supporting his need for accommodation. Defendant Army disciplined Plaintiff for pretextual reasons and constructively discharged him, forcing him to retire early.

45. Defendant Army took adverse job actions against Plaintiff, including, but not limited to, failing to adequately accommodate his disability and, ultimately, forcing Plaintiff to retire early.

46. Defendant Army's failure to make reasonable accommodations on behalf of Plaintiff in light of Plaintiff's disability constitutes a violation of the Rehabilitation Act.

47. In failing to reasonably accommodate Plaintiff, Defendant Army acted willfully, with malice and/or with reckless indifference to Plaintiff's federally protected rights under the Rehabilitation Act, for which Plaintiff is entitled to recover punitive damages against Defendant.

48. As a result of Defendant Army's actions, Plaintiff suffered mental anguish, loss of earnings, loss of ability to earn money and other monetary damages. The losses and expenses are permanent and continuing and Plaintiff will suffer losses in the future.

49. Defendant Army's actions caused, and continue to cause, irreparable harm through Plaintiff's loss of gainful employment, loss of, or significantly diminished, employment opportunities, and through the loss of valuable employment benefits, including additional life insurance benefits and disability insurance, both of which he would have continued to receive had he not been forced to retire early.

WHEREFORE Plaintiff, XIAODAN SONG, demands judgment for damages, punitive damages, interest, costs, attorney's fees, and requests injunctive relief, including, but not limited to, back pay, front pay, employment benefits and enjoinment of Defendant Army from any further

discrimination against Plaintiff, and for all other relief, legal and equitable, that the Court deems appropriate.

## **COUNT II - VIOLATION OF FLORIDA CIVIL RIGHTS ACT**

50. Plaintiff realleges and incorporates paragraphs 1 through 36.

51. The FCRA, Fla. Stat. Chapter 760.10, (1) (a) reads in applicable part, as follows: It is an unlawful employment practice for an employer: (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

52. Defendant Army is an "employer" as defined by § 760.09(7) of the Florida Statutes.

53. Plaintiff performed all his job duties in a satisfactory manner, with the exception of the medical work restrictions of requiring time to walk around when needed to control his blood sugar.

54. Plaintiff requested reasonable job accommodations from Defendant Army in light of his medical condition and medical work restrictions.

55. Defendant Army retaliated against Plaintiff after he alerted them of his disability and provided medical documentation supporting his need for accommodation. Defendant Army disciplined Plaintiff for pretextual reasons and ultimately forced the early retirement of Plaintiff as a result of his disability and the discrimination he experienced.

56. Defendant Army took adverse job actions against Plaintiff, including, but not limited to, failing to adequately accommodate his disability and, ultimately, forcing Plaintiff to retire early.

57. As detailed herein, Defendant Army discriminated against Plaintiff because of his disability or because Defendant Army regarded Plaintiff as having an impairment that substantially limited one or more major life activities in violation of § 760.10(1) of the Florida Statutes.

58. As a result of Defendant Army's actions, Plaintiff suffered mental anguish, loss of earnings, loss of ability to earn money and other monetary damages.

59. The losses and expenses are permanent and continuing and Plaintiff will suffer losses in the future.

60. Defendant Army's actions caused, and continue to cause, irreparable harm through his loss of gainful employment and through the loss of valuable employment benefits, including life insurance and disability insurance, both of which he would have continued to receive had he not been forced to retire early.

WHEREFORE Plaintiff, XIAODAN SONG, demands judgment for damages, punitive damages, interest, costs, attorney's fees, and requests injunctive relief, including, but not limited to, back pay, front pay, employment benefits and enjoinment of Defendant Army from any further discrimination against Plaintiff, and for all other relief, legal and equitable, that the Court deems appropriate.

### COUNT III – RETALIATION IN VIOLATION OF THE REHABILITATION ACT

61. Plaintiff incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

62. Plaintiff is a qualified individual with a disability as defined by the Rehabilitation Act. At all times relevant to this action, Plaintiff was an individual with a disability who, with reasonable accommodation, could perform the essential functions of his job.

63. Plaintiff's ailments constitute physical impairments that substantially limit one or more of his major life activities.

64. At all times relevant, Defendant Army was a federal agency subject to the Rehabilitation Act.

65. Defendant Army retaliated against Plaintiff after he alerted them of his disability and provided medical documentation supporting his need for accommodation.

66. Plaintiff engaged in statutorily protected expression by, inter alia, utilizing the administrative complaint procedures established by Defendant Army pursuant to federal law.

67. However, after Plaintiff initiated Complaint procedures through Defendant Army's EEO office, Plaintiff was subjected to retaliatory actions, including, but not limited to, the giving to Plaintiff of an unwarranted and derogatory appraisal, physical assault by his supervisor, forcing Plaintiff to undergo leadership training and to be placed on a Performance Improvement Plan following his reporting of workplace violence against his supervisor, refusing to fairly and honestly evaluate Plaintiff while on his Performance Improvement Plan as part of a concerted effort to terminate Plaintiff, and ultimately forcing Plaintiff to retire early.

68. Said actions on the part of Defendant Army constitute adverse actions.

69. The adverse actions taken against Plaintiff were unlawfully taken against him on account of his engagement in statutorily protected expression.

70. Because of Plaintiff's reports and opposition to the disability discrimination and asserting his rights, Defendant Army retaliated and continued to retaliate against Plaintiff through the end of his employment, including subjected him to adverse working conditions, made false accusations about him, subjected him to false disciplinary actions, and ultimately forced Plaintiff to retire early or face a certain termination for unjustified reasoning.

71. Further, the above stated retaliation and reprisal actions of Defendant Army were undertaken in bad faith and constitute unlawful employment practices in violation of the Rehabilitation Act.

72. As a direct and proximate result of Defendant Army's retaliation and reprisal, Plaintiff has suffered mental anguish, loss of earnings, loss of ability to earn money and other monetary damages. The losses and expenses are permanent and continuing and Plaintiff will suffer losses in the future.

73. Defendant Army's actions additionally caused, and continue to cause, irreparable harm through Plaintiff's loss of gainful employment and through the loss of valuable employment benefits, including life insurance and disability insurance, both of which he would have continued to receive had he not been forced to retire.

WHEREFORE Plaintiff, XIAODAN SONG, demands judgment for damages, punitive damages, interest, costs, attorney's fees, and requests injunctive relief, including, but not limited to, back pay, front pay, employment benefits and enjoinment of Defendant Army from any further discrimination against Plaintiff, and for all other relief, legal and equitable, that the Court deems appropriate.

### COUNT IV – RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

74. Plaintiff incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

75. The FCRA, Fla. Stat. Chapter 760.10(7), reads in applicable part, as follows: "It is an unlawful employment practice for an employer . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under [Section 760.10]."

76. Defendant Army is an "employer" as defined by § 760.09(7) of the Florida Statutes.

77. Plaintiff is a fifty-seven year-old who is guaranteed specific civil rights under the Florida Civil Rights Act of 1992, Fla. Stat. 760.10 et. seq.

78. Plaintiff engaged in a statutorily protected expression, namely he reported irregularities and illegalities in the workplace to his superiors and then reported same up the chain of command at Defendant Army. He additionally filed a Charge of Discrimination reporting discriminatory behavior in the workplace, resulting in a hostile work environment.

79. Shortly after filing the 2017 Charge, Plaintiff was assaulted, placed on PIP, forced to file the 2018 Charge, and ultimately was forced to retire early.

80. A causal connection exists between Plaintiff's filing of Complaint 1, i.e. his statutorily protected expression, and his adverse employment action, namely his placement on PIP and his forced early retirement.

81. As a direct and proximate result of Defendant Army's conduct and its employees' actions, Plaintiff has suffered irreparable harm through his loss of gainful employment and through the loss of valuable employment benefits, including life insurance, and disability insurance, both of which he would have continued to receive had he not been forced to retire early.

82. What is more, the unlawful employment practices complained of above committed by Defendant Army were willful, wanton, intentional and with malice or with reckless indifference to Plaintiff's statutorily protected rights, such that Plaintiff is entitled to punitive damages.

83. Plaintiff has been required to retain the legal services of the undersigned Counsel to enforce his rights under the FCRA and is required to pay his attorney a reasonable fee for services rendered in this cause.

WHEREFORE, Plaintiff, XIAODAN SONG, demands judgment for damages, punitive damages, interest, costs, attorney's fees, and requests injunctive relief, including, but not limited to, back pay, front pay, employment benefits and enjoinment of Defendant Army from any further discrimination against Plaintiff, and for all other relief, legal and equitable, that the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff, XIAODAN SONG, demands a trial by jury on all issues so triable.

Dated July 26, 2018.

**The Law Office of Gregory S. Sconzo, P.A.**
5080 PGA Boulevard, Suite 213
Palm Beach Gardens, FL 33408
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
**Service Email:** sconzolaw@gmail.com
**Primary Email:** greg@sconzolawoffice.com